# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KAREN QUARLES, ) | |
| ) | Case No. 11-cv-08582 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| JPMORGAN CHASE BANK, N.A., and ) | |
| NEW CENTURY MORTGAGE ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Karen Quarles, filed a four-count complaint to quiet title alleging that defendant JP Morgan Chase Bank, N.A., ("Chase") has improperly clouded title on her real property by recording a "Power of Attorney," slandered her title, received unjust enrichment, and violated the Fair Debt Collection Practices Act. Chase moved to dismiss the complaint in its entirety. This Court granted dismissal as to Counts I and II, and directed the parties to engage in limited discovery to ascertain whether Chase is holder of the Note and Mortgage. Chase now moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons stated below, this Court grants the motion.

**Background**

Plaintiff Karen Quarles entered a mortgage agreement (signed a Note secured by the Mortgage on her property) with Washington Mutual Bank, F.A., ("WaMu") on May 23, 2003. On September 25, 2008, the FDIC became Receiver for WaMu and entered a Purchase and Assumption Agreement with Chase conveying all of WaMu's loans and loan commitments. On October 2, 2008, Robert C. Shoppe of the FDIC and as Receiver for WaMu swore in an affidavit

attesting to the transfer to Chase by Purchase and Assumption Agreement certain of WaMu's assets and all of its loans and loan commitments. Chase possesses the original Note and Mortgage for Quarles' mortgage loan. The Note is endorsed in blank. In 2010, Quarles filed an adversary complaint seeking discharge of a second WaMu mortgage lien on the subject property as part of her bankruptcy proceedings. Quarles alleged in that complaint in the bankruptcy court that Chase held both the first and second WaMu mortgages on her property. The Bankruptcy Court Order from August 23, 2010, canceled the second mortgage.

On December 2, 2011, Quarles filed her four Count Complaint to quiet title. This Court dismissed the first two counts for failure to state a claim. The two remaining counts now under consideration allege that Chase is being unjustly enriched by collecting mortgage payments and is defrauding Quarles and the "true mortgagee" in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

**Legal Standard**

Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. *See* Fed. R. Civ. P. 12(c). Courts analyze motions brought pursuant to Rule 12(c) motions under the same standard as a motion to dismiss under Rule 12(b). *Northern Ind. Gun & Outdoor Shows v. City of S. Bend*, 163 F.3d 449, 452 n3 (7th Cir. 1998). A complaint must be dismissed if the allegations do not state a facially plausible claim that raises the right to relief above the speculative level. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

As with Rule 12(b)(6) motions, courts must view the facts alleged in the light most favorable to the non-moving party. *Emergency Servs. Billing Corp. v. Allstate Ins. Co.*, 668 F.3d 459, 464 (7th Cir. 2012).

Rule 12(c) permits a judgment based on the pleadings, which include the complaint, the answer, and any written instruments attached as exhibits. Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes."); *see, e.g.*, *Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988) (stating that exhibits attached to the complaint are incorporated into the pleading for purposes of Rule 12(b) motions). "[W]hen a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Northern Ind. Gun & Outdoor Shows,* 163 F.3d at 454. Quarles attached several documents to her Complaint, including her mortgage, title abstract, and the "Limited Power of Attorney" and therefore those documents are part of her pleading. Chase attached several documents to its Answer, including the Note, the Purchase and Assumption Agreement between Chase and the FDIC as Receiver for WaMu, the Recording of the Purchase with the Washington State Recorder's Office and attached affidavit of Robert C. Shoppe of the FDIC, Quarles' Bankruptcy Complaint, and the Order from the Bankruptcy Court cancelling defendant Chase's second lien on Quarles' property.

**Discussion**

Chase argues that it is entitled to judgment on the pleadings because the pleadings together with the incorporated written instruments establish that Chase is holder of the Note and Mortgage and is entitled to collect payments on the Mortgage. Quarles argues that her specific mortgage loan is not mentioned in the Purchase and Assumption Agreement and that "it is entirely plausible – verging on probable – that Washington Mutual had sold off its interest in the Note and Mortgage during the securitization frenzy of the years preceding the Agreement." (Dkt. 32 at ¶ 8). Quarles further asserts that she should not be estopped from claiming that Chase is not the owner of the mortgage based on her bankruptcy claim because Chase "does not point to any evidence that plaintiff had knowledge at the time of her bankruptcy proceeding that JPMorgan Chase was fraudulently misrepresenting to her that it was the owner and holder of the Note or

Mortgage to her property." (Dkt. 32 at ¶ 12). Quarles also argues that because Chase has only attached a photocopy of the Note there is no way to verify that it was not prepared prior to being sold or transferred to a third party or whether it has been altered or endorsed properly.

This Court finds that Quarles allegations and arguments are based on pure speculation, which is insufficient to survive dismissal. Quarles makes bare assertions without any supporting factual basis that WaMu may have sold her mortgage to some unknown third-party prior to the transfer of assets to Chase. Chase presents the Note endorsed in blank and the Purchase and Assumption Agreement that clearly transfer all of WaMu's loans and loan commitments to Chase. Since Chase is in possession of the Note endorsed in blank, it is the holder with right to enforce. See 810 ILCS 5/3-205(b); 810 ILCS 5/9-313(a). Chase has offered to make the original Note available to Quarles to inspect. Moreover, Quarles' own bankruptcy complaint to cancel the second mortgage on her property named Chase as the defendant and owner of the mortgage loan. Accordingly, there is no factual basis from which this Court could infer that Chase is not entitled to enforce the mortgage loan and Quarles' allegations are pure speculation.

**Conclusion**

For the reasons stated above, this Court grants Chase's Motion for Judgment on the Pleadings. Count III and Count IV of Quarles' Complaint are dismissed with prejudice.

IT IS SO ORDERED.

Date: September 7, 2012

Entered:_____
Sharon Johnson Coleman